<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF NEW JERSEY</u>

---

|  |  |  |
|---|---|---|
| WILLIE JAMES ROBINSON, | : | |
| Plaintiff, | : | Civil Action No. 06-3696 (KSH) |
| v. | : | <u>O P I N I O N</u> |
| DEVON BROWN et al., | : | |
| Defendants. | : | |

---

**APPEARANCES:**

> WILLIE JAMES ROBINSON, Plaintiff <u>pro</u> <u>se</u>
> Hudson County Correctional Center
> South Kearny, New Jersey 07032

<u>KATHARINE S. HAYDEN, District Judge</u>

Plaintiff WILLIE JAMES ROBINSON (hereinafter "Plaintiff") currently confined at Hudson County Correctional Center, South Kearny, New Jersey, seeks to bring this 42 U.S.C. § 1983 action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Plaintiff submitted for filing his complaint (hereinafter "Complaint") together with his application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) (1998). Based on Plaintiff's <u>in forma pauperis</u> application and the absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for prisoner <u>in forma pauperis</u> status pursuant to 28 U.S.C. § 1915.

Page -1-

Plaintiff's Complaint, drafted in a patchy manner, appears to suggest that Plaintiff, after being arrested on May 13, 2006, had his bail initially set at ten thousand dollars but, at one of the following periodic bail reviews, had the bail increased to twenty five thousand dollars. See Compl. § 6. (Plaintiff alleges that the bail increase was a result of a "favor" that Plaintiff's bail-setting judge did for another judge against whom Plaintiff had filed a "formal complaint." See id. The Complaint, however, does not clarify how did the increase in Plaintiff's bail amount "favored" that other judge. See generally, Compl.)

The Complaint further asserts that, after being in custody for eighty days, Plaintiff was not provided with "a copy of [criminal] complaint or charge [against Plaintiff]." Id. On the basis of the foregoing, Plaintiff concludes that he is being held in custody "in violation of [his] rights" because of the "State's failure to move this case in any manner." Id. §§ 6, 7.

Naming Hudson County Superior Court, Devon Brown (in his capacity of Commissioner of the Department of Corrections) and Oscar Aviles (in his capacity of Superintendent of Hudson County Correctional Facility) as Defendants in this action, Petitioner now requests this Court to grant Plaintiff the remedy of what Plaintiff defines as "a recognizance release." Id. § 7.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.  Thus, "[a] pro se complaint may be dismissed for failure to

state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519 (1972)).

## DISCUSSION

### A.   Right to Speedy Trial

    Liberally   construing   Plaintiff's   Complaint,   this   Court interprets it as alleging violation of Plaintiff's procedural due process rights, as related to one's Sixth Amendment right to a speedy trial.[1] "The Fourteenth Amendment, applying the Sixth Amendment right to a speedy trial, is enforceable against the States as 'one of the most basic rights preserved by our Constitution.'" <u>Dickey v. Florida</u>, 398 U.S. 30, 37 (1970) (quoting <u>Smith v. Hooey</u>, 393 U.S. 374, 374-5 (1969)). However, although the Court recognizes the importance of the right to speedy trial, any delay in Plaintiff's criminal action does not give rise to liability on the part of Defendants. As the Supreme Court stated in <u>Dickey</u>, the duty to protect any speedy trial rights lies with the State and the prosecuting authorities. <u>See Dickey</u>, 398 U.S. at 37. Here, Defendants are (a) supervising custodians of Plaintiff's

---

[1]    Plaintiff's Complaint does not explain how the increase of Plaintiff's bail qualifies as a violation of Plaintiff's constitutional rights, and this Court fails to fancy a viable claim based on these facts.

place of incarceration, and (b) the presiding tribunal.  They are not responsible for any alleged delay in bringing this case to trial.  Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted and, as such, should be dismissed. See id.

**B.    Remedy of Recognizance Release**

In addition, Plaintiff's Complaint seeks remedy not available in the action instituted by Plaintiff.  While Plaintiff's Complaint unambiguously seeks the remedy of "recognizance release," a prisoner's request for equitable relief releasing him from custody is not cognizable under 42 U.S.C. § 1983.  See Preiser v. Rodriquez, 411 U.S. 475 (1973).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500. Thus, to the extent that Plaintiff seeks release from incarceration, Plaintiff's exclusive remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (which requires, as a pre-requisite, exhaustion of state court remedies).  See id.

## C.   Abstention Doctrine

Moreover, Plaintiff's Sixth Amendment lack-of-speedy-trial claims are barred by the abstention doctrine.   The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37, "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982).   "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."   Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993).   Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.   See id.

The specific elements of the Younger abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).   All three Younger criteria are met in the case at hand. First, Plaintiff's claim concerns the separate pending criminal case. Second, based upon the fact that Plaintiff is attempting to raise issues concerning the validity of his pre-trial

incarceration, the proceeding clearly implicates important state interests.   Third, the State forum affords Plaintiff an adequate opportunity to raise his federal law issues, such as his key claim about lack of speedy trial.   Plaintiff, however, has not asserted that he is unable to present his federal claims in his related state court proceedings.   Thus, this Court may assume that the state procedures will afford an adequate remedy.   See Kelm v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995) (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")

Therefore, the doctrine of abstention bars Plaintiff's claims. As explained in Clark v. Zimmerman, 394 F. Supp. 1166, 1174 (M.D. Pa. 1975):

> To allow state criminal defendants to litigate their constitutional claims in civil rights suits for money damages before completion of the state criminal process would invite a flanking movement against the system of state courts by resort to the federal courts to litigate constitutional defenses in civil rights damage actions, thereby subverting the orderly functioning of the state criminal process.   Such suits would introduce an element of uncertainty in state criminal proceedings and would expose every state criminal justice system to insupportable disruption.

**D.   Plaintiff's Claims Against the Court and/or the State Judge**

Furthermore, Plaintiff's claims against the Superior Court of New Jersey, Hudson County, cannot be recognized under § 1983 since

Page -7-

a court is not a "person" subject to suit under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978). Since Hudson County Court is not a proper Defendant to this action, all claims against the Court should be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

Moreover, even if this Court interpreted Plaintiff's claims against the Superior Court of New Jersey as claims against the judge presiding over Plaintiff's criminal proceedings, Plaintiff's claims would be barred by the Eleventh Amendment. The Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "This immunity is based on a two-part presupposition: (1) each State is a sovereign entity in our federal system and (2) it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." In re Sacred Heart Hosp. of Norristown v. Pennsylvania Dept. of Public Welfare, 133 F.3d 237, 241-42 (3d Cir. 1998) (citations and internal quotation marks omitted).

The Eleventh Amendment has been interpreted as preventing suits in federal court against states, or state officials (if the

state is the real party in interest), including the state judiciary. See <u>Hindes v. Federal Deposit Insurance Corp.</u>, 137 F.3d 148 (3d Cir. Feb. 19, 1998). It is settled that "an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." <u>Hafer v. Melo</u>, 502 U.S. 21, 26 (1991) (citation and internal quotation marks omitted). Accordingly, the Eleventh Amendment bars Plaintiff's claims against the judge presiding over Plaintiff's criminal proceedings, and these claims should be dismissed.

**E. Plaintiff's Claims Against Commissioner Brown and Superintendent Aviles**

Plaintiff's claim against Defendants Brown and Aviles equally lack merit. It is well settled that supervisors are not liable under § 1983 solely on a theory of <u>respondeat superior</u>. See <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell</u>, 436 U.S. at 690-91, 694 (1978); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat superior</u>. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); <u>accord Robinson v. City of</u>

Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).   Therefore, where a plaintiff seeks to establish liability based on a supervisor's failure to train or supervise adequately, the plaintiff must allege and show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy.   See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

In the case at bar, Plaintiff expressly states that his claims against Defendants Brown and Aviles are based solely on their supervisory capacities.   See Pet. § 4(b) (stating that these Defendants are "the primary 'turn keys' in charge of [Plaintiff's] release").   Nothing in Plaintiff's Complaint indicates that these Defendants play any role or are aware of the delays in Plaintiff's criminal proceeding, that is, if such delays are actually present.[2] Therefore, Plaintiff's claims against Defendants Brown and Aviles should be dismissed.

---

[2]

This Court expressly stresses that nothing in the language of this Opinion shall be interpreted as this Court's factual finding that Plaintiff's criminal proceedings are being delayed.

## CONCLUSION

Based on the foregoing, the Court grants Plaintiff's application to file the Complaint without prepayment of the filing fee and dismisses the Complaint with prejudice. An appropriate Order accompanies this Opinion.


KATHARINE S. HAYDEN
United States District Judge

Dated: 9/ 12 /06

Page -11-